UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**CITY OF ECORSE,**
        Plaintiff,                        **CIVIL ACTION NO. 07-cv-12131**

vs.

                                          **DISTRICT JUDGE JOHN CORBETT O'MEARA**

**UNITED STATES STEEL,**        **MAGISTRATE JUDGE MONA K. MAJZOUB**
        Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO QUASH SUBPOENAS (DOCKET NO. 13) AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY (DOCKET NO. 20)

These matters come before the Court on two motions. The first is Defendant's Motion to Quash Subpoenas filed on October 9, 2007. (Docket no. 13). Plaintiff filed a Response in Opposition to Defendant's Motion to Quash Subpoenas on October 23, 2007. (Docket no. 23). The second motion is Plaintiff's Motion to Compel Discovery filed October 19, 2007. (Docket no. 20). Defendant filed a Response in Opposition to Plaintiff's Motion to Compel on November 5, 2007. (Docket no. 24). Plaintiff also filed a Supplemental Motion to Compel and a Reply to Defendant's Response; both were stricken from the record for failing to comply with the Federal Rules of Civil Procedure and the E.D.Mich. Local Rules. (Docket no. 30). The parties filed their respective Statements of Resolved and Unresolved Issues on November 20, 2007. The motions were referred to the undersigned for hearing and determination pursuant to 28 U.S.C. 636(b)(1)(A). (Docket nos. 14, 21). The Court conducted a hearing on November 28, 2007. The matters are now ready for ruling.

-1-

This case originated in Wayne County Circuit Court and was removed to this Court by Defendant on the basis of diversity jurisdiction. 28 U.S.C. § 1332. Plaintiff brought suit seeking unpaid annual fees, building permit fees, plan review fees and penalties it alleges are due pursuant to Plaintiff's ordinances. Plaintiff also seeks a constructive trust for unpaid fees and penalties and makes a demand for an inspection and accounting, a demand for an order to show cause why a receiver should not be appointed as to construction projects at Defendant steel company, and makes claims alleging common law conspiracy, conspiracy to violate the Michigan Building Code and Plaintiff's ordinance and unjust enrichment. Defendant counter-claims for declaratory relief under 28 U.S.C. § 2201 and Fed. R. Civ. P. 57.

### 1. *Defendant's Motion to Quash Subpoenas*

Plaintiff served subpoenas on five non-parties to this litigation on or about October 1, 2007. (Docket no. 13-3). Plaintiff's subpoenas seek contracts between each non-party and Defendant for the period of 2003-2007, building permits, invoices, certificates of completion, cancelled checks, evidence of payment, change orders, drawings and specifications, letter correspondence, communications and electronic communications related to each project performed for Defendant from 1/1/03 to 2007 "and continuing." (Docket no. 13-3). The parties agree that two of the contractors have already fully responded to the subpoenas. (Docket no. 23 ¶ 4).

Defendant seeks an order quashing these subpoenas, or in the alternative entry of a protective order limiting the information sought in the subpoenas. Defendant further seeks an award of attorneys fees and costs incurred in obtaining such an order. The parties came to the hearing with a stipulated protective order which the Court entered. Therefore the protective order issue is resolved by the parties. (Docket no. 34). The Defendant also argues that the subpoenas seek records

relating to projects outside the City of Ecorse that are irrelevant. Plaintiff agreed to re-issue the remaining three subpoenas and limit the request in scope to projects within the City of Ecorse.

Fed. R. Civ. P. 45(c)(3) provides that on timely motion, the Court shall quash or modify the subpoena if it "(iii) requires the disclosure of privileged or other protected matter and no exception or waiver applies, or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(B)(I) provides that a court may quash or modify a subpoena or order production upon specified conditions if the subpoena "requires disclosure of a trade secret or other confidential research, development, or commercial information." The party seeking to quash a subpoena bears a heavy burden of proof. *Irons v. Karceski*, 74 F.3d 1262, 1264 (D.C. Cir. 1995). As a general rule, a party has no standing to seek to quash a subpoena directed to a non-party. *See Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir. 1975) ("In the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a non-party witness.").

Defendant states that the documents generated in conjunction with its construction projects are "confidential and proprietary" and that the release of these documents without a protective order would be prejudicial to Defendant. (Docket no. 13 at 3). However, Defendant alleges no specific harm and does not identify the types of documents that are confidential or proprietary. Defendant alleges that the documents requested are duplicative and cumulative because they include documents which Defendant is "in the process of preparing to produce" to Plaintiff. (Docket no. 13 at 3).

Defendant does not have standing to seek to quash a subpoena to a non-party and claims no privilege relating to the documents sought by Plaintiff's subpoena. Defendant failed to meet its burden of proof to show that the subpoenas should be quashed. The Court will deny Defendant's Motion to Quash the subpoenas.

## 2. *Plaintiff's Motion to Compel Discovery*

Plaintiff served its First Discovery Requests on Defendant on September 7, 2007[1]. Defendant served its answers and responses on October 15, 2007. (Docket no. 24-3). Plaintiff's Motion to Compel Discovery alleges that Defendant improperly objected to Plaintiff's First Discovery Requests[2]. (Docket no. 20 ¶ 3). Per Plaintiff's Statement of Unresolved Issues, the only remaining issues at the time of the hearing were Plaintiff's Interrogatory Nos. 1, 2 and 7 and Plaintiff's Request for Production Nos. 1, 2, 4, 5, 6, 7 and 8.

### a. *Interrogatory Nos. 1, 2 and 7*

Interrogatory No. 1 asks, "Is the attached Plaintiff's Exhibit A an exhaustive list of all projects, and contractors used for entire construction, renovation and repair for the relevant time period of 2003, 2004, 2005, 2006 and 2007. If not exhaustive, please attach an exhaustive list of all contractors." Defendant objected to Interrogatory No. 1 as vague, confusing, ambiguous and nearly impossible to answer as posed. Defendant also responded that Exhibit A contained projects performed entirely within the City of River Rouge, projects to be performed within Ecorse, projects performed partially within both locations and projects that cannot be regarded as construction. Defendant also stated that the "dollar totals" contained in the exhibit are largely estimates and contain both construction costs and costs that are not subject to building permits and/or building

---

[1] The parties dispute the date of service of the First Discovery Requests.

[2] Defendant alleged at the hearing and in its Statement of Resolved and Unresolved Issues that the relief which Plaintiff sought in its motion to compel was to compel Defendant's responses and therefore, because Defendant responded, the issues in Plaintiff's Motion are moot. However, Plaintiff's motion raised the issue of improper objections and the record shows that Defendant had already served its responses to the First Discovery Requests prior to Plaintiff filing its Motion to Compel. (Docket nos. 24-3, 27). Issues regarding the sufficiency of Defendant's objections are properly before the Court on this Motion.

permit fees. Fed. R. Civ. P. 26(b)(1) allows discovery regarding any matter not privileged that is relevant to the claim or defense of any party. The information need not be admissible at trial as long as it appears reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's claims include unpaid fees and penalties it alleges are due pursuant to Plaintiff's ordinances and other claims related to Defendant's building and construction projects that have occurred in the City of Ecorse. Therefore, inquiry into these matters related to projects within the City of Ecorse is relevant under Fed. R. Civ. P. 26(b). However, Interrogatory No. 1 is not clear as to the scope of projects and contractors for which it inquires.

Plaintiff did not attach the Exhibit A at issue in Interrogatory No. 1 to its Motion to Compel. However, Defendant provided a copy with its Motion to Quash Subpoena. Exhibit A does not indicate whether the dates and dollar amounts are estimates, what is included in the dollar amounts, in which municipality the projects are located and whether the projects were actually performed. The Interrogatory and Exhibit A are vague and ambiguous. Although the Interrogatory is limited in scope as to time, to the extent the inquiry includes projects outside of the City of Ecorse it is not properly limited in geographic scope and is irrelevant and overly broad. The Court will deny Plaintiff's Motion to Compel as to Interrogatory No. 1.

Interrogatory No. 2[3] asks Defendant to "identify the Architectural Engineering Firm or employer who produced the bid packages for the projects which were sent out to bid for calendar year (sic) 2003, 2004, 2005, 2006 and 2007." Defendant objected that the term "bid package" is not

---

[3]There are two Interrogatory No. 2s. The Court addresses the first "No. 2." All other Interrogatories are referred to herein by the original number under which they appear in Plaintiff's First Discovery Request to Defendant.

defined and therefore it is too vague and ambiguous to be understood. Defendant then referred to its response to Request for Production No. 1.

Interrogatory No. 2 suffers from the same deficiencies as Interrogatory No. 1, above. The scope in terms of years of time is consistent with Plaintiff's claims. However, it is not limited in geographic scope and relevancy. Defendant is correct that "bid package" is not defined. It is further unclear if this Interrogatory seeks requests for bids or responses to requests for bids and therefore it is vague and ambiguous. The use of "employer" is also vague and ambiguous. The Court will deny Plaintiff's Motion to Compel as to Interrogatory No. 2.

Interrogatory No. 7 asks whether the contractors and subcontractors hired by U.S. Steel to perform the projects listed in Exhibit A were required to utilize unionized workers. Defendant objects that the Interrogatory is vague and ambiguous because it refers to Exhibit A. Defendant also objects that it "inaccurately implies that U.S. Steel hires subcontractors" and objects that an inquiry regarding whether or not the workers on its projects were or were required to be unionized is irrelevant to the issues in this litigation.

Interrogatory No. 7 is irrelevant to the claims and defenses in this action and it does not appear to be reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b). It is also vague, ambiguous, irrelevant and overly broad to the extent it references Exhibit A. The Court will deny Plaintiff's Motion to Compel as to Interrogatory No. 7.

### b. *Plaintiff's Request for Production Nos. 1, 2, 4, 5, 6, 7 and 8:*

Request No. 1 asks Defendant to "produce a copy of the identifiable relevant bid package for each project listed in Exhibit A. Please state the relevant project numbers assigned to the successful project bidder." Defendant objected that "bid package" is not defined and is vague

and ambiguous. Defendant further stated that upon execution of a protective order, it will make available for Plaintiff's counsel's review "copies of all plans and specifications for all capital construction projects performed or being performed in Ecorse from May 20, 2003 to date. Many or most of those projects involved not only construction but also the supply of equipment and materials which are not subject to building permits under any circumstances."

Request No. 1 suffers the same deficiencies as Interrogatory No. 1 referring to Exhibit A and Interrogatory No. 2 referring to bid packages. It is vague and ambiguous. To the extent that it references projects outside the City of Ecorse, it seeks irrelevant information and is overly broad. The Court will deny Plaintiff's Motion to Compel as to Request No. 1 except to the extent that Defendant has agreed to make available the documents specified in its Response. The Court will order Defendant to make these documents available as specified below.

Request No. 2 asks Defendant to "provide a list of all contractors used for construction projects on any and all property in the City of Ecorse for the following years: 2003, 2004, 2005, 2006 and 2007." Defendant objects that the information is irrelevant and unlikely to lead to the discovery of relevant evidence. Defendant further states that no such list exists and that to the extent Plaintiff is asking that such a list be created, that request is inappropriate under Fed. R. Civ. P. 34.

As discussed with respect to Interrogatory No. 1, above, information and documents relating to Defendant's projects and construction within the City of Ecorse are relevant under Fed. R. Civ. P. 26(b). However, under Fed. Rule. Civ. P. 34, a request for production may only seek documents or tangible things which are in the possession, custody or control of the party upon whom the request is served. Defendant cannot be compelled to create a non-existent

document in response to a request under Fed. R. Civ. P. 34.  The Court will deny Plaintiff's Motion to Compel as to Request for Production No. 2.

Request No. 4 asks Defendant to "identify and provide copies of field orders issued for any and all projects and cost increase to the projects listed in Plaintiff's Exhibit A."  Defendant objects that "field order" is not defined and is therefore vague and ambiguous. Defendant states that as that term is usually understood, "plaintiff's request would be seeking voluminous information that has little or no relevance to this case."  Defendant states that it believes Plaintiff is seeking information about the pricing of its capital construction projects and if so, upon execution of a protective order, Defendant will make available to Plaintiff's counsel "copies of purchase order records, including change orders, for its capital construction projects in Ecorse for the years 2003 through 2007."  Defendant incorporated its objection that the purchase orders include the price of equipment and materials not subject to building permits and/or building permit fees.

Request No. 4 suffers the same deficiencies as the other Interrogatories and Requests that reference Exhibit A.  It is vague and ambiguous, seeks irrelevant information and is overly broad.  The Court will deny Plaintiff's Motion to Compel as to Request No. 4 except to the extent that Defendant agreed to make available the documents specified in its Response.  The Court will order Defendant to make these documents available as specified.

Request for Production No. 5 asks Defendant to "provide your departmental policy which reflects each of the contractors listed in Exhibit A here (sic) the sole responsibility to pull permits."  Defendant objects to this request as vague, ambiguous and nonsensical.  Defendant further states that it believes Plaintiff is seeking Defendant's "written policies imposing on

contractors on its Ecorse capital construction projects the duty of obtaining permits from the City of Ecorse. Assuming that to be the case, some of the plans and specifications for such projects so provide; see documents being produced in response to Request No. 1."

While building permits are relevant to this action, other than the reference to "permits" in this Request, the remainder of the Request is vague and ambiguous. Defendant appears to have responded in good faith in light of the wording of Request No. 5. Request No. 5 also suffers the same deficiencies as the other Interrogatories and Requests that reference Exhibit A. It is vague and ambiguous, seeks irrelevant information and is overly broad. The Court will deny Plaintiff's Motion to Compel as to Request No. 5 except to the extent that Defendant agreed to make available documents responsive to Request No. 1 which may contain information responsive to Request No. 5. The Court will order Defendant to make these documents available as specified.

Request No. 6 states "If you (sic) answer to number 5 is affirmative, please produce the contract for each and every discipline and project which directs the 'contractor' to pay the permit fees." Defendant objects that "number 5" is not defined and preceding this Request, there is a Request for Production No. 5, an Interrogatory No. 5 and two Interrogatory Nos. 2, indicating mis-numbering. Defendant also objects to Request No. 6 "because it calls for a legal conclusion, and to the extent that it assumes that each written contract contains that requirement." Defendant states that the documents it is making available in response to Request Nos. 1 and 4 "will contain such a requirement for some of the capital projects at issue, and further states that it is standard procedure in the industry that the contractor or subcontractor pays the permit fees, and that in many cases that expectation or requirement was communicated orally by U.S. Steel representatives."

Request No. 6 is vague and ambiguous as to which "number 5" it refers. Substantively, it appears to refer to Interrogatory No. 5, which asks, "Do you contend that the general contractor or U.S. Steel is responsible for pulling the permit and paying all related fees for each and every discipline and for each construction project during the relevant time 2003 - 2007?" Plaintiff did not contend that Defendant's answer to Interrogatory No. 5 was insufficient. There is no support for Defendant's assertion that Request No. 6 calls for a legal conclusion. However, Request No. 6 is ambiguous to the extent it asks for the contracts "if you (sic) answer to number 5 is affirmative" because Interrogatory No. 5 may be asking an "either or" question, not a "yes" or "no" question. The use of the term "discipline" is also ambiguous and undefined. In spite of being vague and ambiguous, Defendant has agreed to make available documents in response to Request for Production Nos. 1 and 4 which will contain such a requirement for some of the capital projects at issue. The Court will deny Plaintiff's Motion to Compel as to Request No. 6 except to the extent that Defendant agreed to make available documents responsive to Request Nos. 1 and 4 which may contain information responsive to Request No. 6. The Court will order Defendant to make these documents available as specified.

Request No. 7 asks Defendant to "provide a copy of the entire complete contract and any and all additions for each of the construction projects listed in Exhibit A for the relevant time period 2003-2007." Defendant objects that Request No. 7 is vague, ambiguous and references Exhibit A which contains projects irrelevant to the City of Ecorse. Defendant describes its contracting practices and states that pursuant to execution of a protective order it will make available to Plaintiff's counsel "the relevant 5-year 'terms and conditions' contracts" and that the

purchase orders and change orders, plans and specifications will be made available in accordance with its responses to Request Nos. 1 and 4.

Request No. 7 suffers the same deficiencies as the other Interrogatories and Requests that reference Exhibit A. It is vague and ambiguous, seeks irrelevant information and is overly broad. The Court will deny Plaintiff's Motion to Compel as to Request No. 7 except to the extent that Defendant agreed to make available the documents specified in its response. The Court will order Defendant to produce these documents as specified.

Request No. 8 asks Defendant to "provide a copy of the signed award contracts for each of the subject projects listed in Plaintiff's Exhibit A, long (sic) with relate to (sic) field orders and change orders." Defendant responded, "U.S. Steel objects to Request No. 8 as duplicative of previous requests. Without waiving that objection, see responses to Request Nos. 1, 4 and 7."

Request No. 8 is duplicative to the extent it asks for field orders, which are requested in Plaintiff's Request No. 4. Furthermore, Request No. 8's request for change orders is likely duplicative of the reference to cost increase in Request No. 4 and the request for "any and all additions for each of the construction projects" in Request No. 7. Request No. 8 suffers the same deficiencies as the other Interrogatories and Requests that reference Exhibit A. It is vague and ambiguous, seeks irrelevant information and is overly broad. The Court will deny Plaintiff's Motion to Compel as to Request No. 8 except to the extent that Defendant agreed to make available documents responsive to Request Nos. 1, 4 and 7 which may contain information responsive to Request No. 8. The Court will order Defendant to make these documents available as specified.

**IT IS THEREFORE ORDERED** that Defendant United States Steel Corp.'s Motion to

Quash Subpoenas (docket no. 13) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Discovery (docket no. 20) is **GRANTED IN PART AND DENIED IN PART** and Defendant will provide three dates to Plaintiff's counsel for reviewing the documents which Defendant has specified in its Responses to Plaintiff's First Discovery Requests. Defendant is to make the documents available on or before December 19, 2007. The remainder of Plaintiff's Motion to Compel Discovery is **DENIED.**

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: December 03, 2007　　　　　　　s/ Mona K. Majzoub
　　　　　　　　　　　　　　　　　　MONA K. MAJZOUB
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: December 03, 2007　　　　　　　s/ Lisa C. Bartlett
　　　　　　　　　　　　　　　　　　Courtroom Deputy