**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**CITY OF ECORSE,**

          **Plaintiff,**          **CIVIL ACTION NO. 07-cv-12131**

      **vs.**

                            **DISTRICT JUDGE JOHN CORBETT O'MEARA**

**UNITED STATES STEEL,**      **MAGISTRATE JUDGE MONA K. MAJZOUB**
          **Defendant.**
_____/

**OPINION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR
SANCTIONS AND TO EXTEND DEADLINE TO REVIEW DISCOVERY MATERIALS
IN DEFENDANT'S POSSESSION; (sic) CUSTODY OR CONTROL OF DEFENDANT'S
ATTORNEYS (DOCKET NO. 37)**

These matters come before the Court on Plaintiff's Motion for Sanctions and to Extend

Deadline to Review Discovery Materials in Defendant's Possession; (sic) Custody or Control of

Defendant's Attorneys filed on December 18, 2007.  (Docket no. 37).  Defendant filed a Response

in Opposition to Plaintiff's "Motion for Sanctions and to Extend Deadline to Review Discovery

Material in Defendant's Possession; Custody or Control of Defendant's Attorney (sic)" on January

2, 2008.  (Docket no. 39).  The motions were referred to the undersigned for hearing and

determination pursuant to 28 U.S.C. 636(b)(1)(A).  (Docket no. 45).   The Court disposes with oral

argument on this Motion.  E.D. Mich. LR 7.1(e).  (Docket no. 46).

This case originated in Wayne County Circuit Court and was removed to this Court by

Defendant on the basis of diversity jurisdiction.  28 U.S.C. § 1332.  Plaintiff brought suit seeking

unpaid annual fees, building permit fees, plan review fees and penalties it alleges are due pursuant

to Plaintiff's ordinances.  Plaintiff also seeks a constructive trust for unpaid fees and penalties and

makes a demand for an inspection and accounting, a demand for an order to show cause why a

receiver should not be appointed as to construction projects at Defendant steel company, and makes claims alleging common law conspiracy, conspiracy to violate the Michigan Building Code and Plaintiff's ordinance and unjust enrichment. Defendant counter-claims for declaratory relief under 28 U.S.C. § 2201 and Fed. R. Civ. P. 57.

Plaintiff filed a Motion to Compel Discovery on October 19, 2007. (Docket no. 20). The Court conducted a hearing on November 28, 2007. On December 3, 2008 the Court entered an Order granting Plaintiff's Motion to Compel in part and ordering Defendant "to provide three dates to Plaintiff's counsel for reviewing the documents which Defendant has specified in its Responses to Plaintiff's First Discovery Requests. Defendant is to make the documents available on or before December 19, 2007." (Docket no. 35). On December 17, 2007 Defendant filed an objection to the Order. (Docket no. 36). On December 18, 2007 Plaintiff filed its Motion for Sanctions and to Extend Deadline to Review Discovery Materials. (Docket no. 37).

Plaintiff alleges that Defendant did not comply with the December 3, 2007 Order and did not make the documents available for review. Defendant argues that because it objected to that portion of the Court's order which required it to permit review of the documents, "that portion of the December 3 order is not effective unless and until it is affirmed by the District Court." (Docket no. 39 ¶ 3). Defendant argues that "the objected-to portion of the December 3 order is effectively stayed as a result of U.S. Steel's objection." (Docket no. 39 ¶ 4). Defendant provides no legal authority for this assertion.

"Merely filing a motion for such relief does not excuse the moving party from fully complying with the order appealed from until a court grants a stay and relieves the party of its obligation to comply with a challenged order." *American Rock Salt Co. v. Norfolk Southern Corp.*,

371 F. Supp. 2d 358, 360 (W.D.N.Y. 2005) *(citing Maness v. Meyers*, 419 U.S. 449, 458 (1975));

*see also Litton Industries, Inc. v. Lehman Brothers Kuhn Loeb, Inc.*, 124 F.R.D. 75, 78-79 (S.D.N.Y.

1989) (filing objections to a magistrate's order does not automatically stay the order). Defendant

did not move to stay the December 3, 2007 Order and no stay has been granted by the Court on this

matter. The Court will order Defendant to comply with the Court's December 3, 2007 Order by the

date set forth below. *See* Fed. R. Civ. P. 37; *Concrete Materials Corp. v. C.J. Mahan Constr. Co.*,

110 F.3d 63 (6th Cir. Mar. 28, 1997) (unpublished).

Plaintiff also moves for sanctions, alleging that Defendant's counsel has engaged in

"unreasonable and vexatious conduct" "committed in bad faith" by failing to comply with the Court's

Order and failing to make the documents available for Plaintiff's review. (Docket no 37). 28 U.S.C.

§ 1927 provides that an attorney "who so multiplies the proceedings in any case unreasonably and

vexatiously may be required by the court to satisfy personally the excess costs, expenses, and

attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. In this circuit,

"when an attorney knows or reasonably should know that a claim pursued is frivolous, or that his

or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims, a trial court

does not err by assessing fees attributable to such actions against the attorney" under this section.

*Jones v. Continental Corp.*, 789 F.2d 1225, 1230 (6th Cir. 1986). Furthermore, pursuant to Federal

Rule of Civil Procedure 37, the Court has broad discretion to make such orders as are just to redress

discovery abuse, including awarding the reasonable expenses, including attorneys fees and costs

incurred in making a motion to compel discovery.

Defendant provided no legal basis for its assertion that it was not required to comply with

the Court's order of December 3, 2007 and its refusal to comply with the Order needlessly multiples

the proceedings in this action. However, the Court will decline for the moment Plaintiff's invitation to assess sanctions for two reasons. First, Plaintiff did not provide a certification that it in good faith conferred with or attempted to confer with Defendant in an effort to resolve this issue without Court action[1]. Fed. R. Civ. P. 37(d), E.D.Mich. LR 7.1. Second, counsels' and the parties' actions throughout this case with regard to discovery have been characterized by the failure to timely respond to discovery without action by the Court. It is behavior that benefits no one, does considerable disservice to the parties, and wastes Court resources. In light of this behavior by both parties and Plaintiff's failure to seek Defendant's concurrence or cooperation prior to filing this Motion, the Court in its discretion will decline to award any sanctions, costs, or attorney fees in this matter. However, the Court orders Defendant to make the documents at issue available as set forth below. Any further failure by Defendant to make available the documents in accordance with the Court's order will result in this Court ordering Defendant to pay Plaintiff's reasonable expenses incurred in bringing this motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Sanctions and to Extend Deadline to Review Discovery Materials in Defendant's Possession; (sic) Custody or Control of Defendant's Attorneys (docket no. 37) is **GRANTED in part** and Defendant will provide on or before March 21, 2008 three dates occurring prior to April 04, 2008 when the documents which Defendant specified in its Responses to Plaintiff's First Discovery Requests will be available to Plaintiff's counsel for review.

---

[1]Plaintiff's Motion references an Exhibit 1 which purports to be a letter from Plaintiff's attorneys to Defendant's attorney requesting a date and time to review the documents. This exhibit was not filed with the Court. Plaintiff was notified by the Court that the exhibit was not provided but Plaintiff has not yet filed the exhibit.

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this

Order within which to file any written appeal to the District Judge as may be permissible under 28

U.S.C. § 636(b)(1).


Dated: March 13, 2008                          s/ Mona K. Majzoub
                                                          MONA K. MAJZOUB
                                                          UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record
on this date.

Dated: March 13, 2008                          s/ Lisa C. Bartlett
                                                          Courtroom Deputy